John F. Bennett City Attorney City of Belle Isle
QUESTION:
Does the City of Belle Isle have the authority to create municipal service taxing units within the city to cover the costs associated with the private common areas located within subdivisions of the city, such as maintenance, insurance liability and property taxes, provided the tax would be imposed only on those homeowners who would be primarily benefited?
SUMMARY:
The City of Belle Isle does not have the authority to create municipal service taxing units within the city to cover the costs associated with the private common areas located within subdivisions of the city such as maintenance costs, liability insurance, and property taxes, even if the tax is imposed only upon those homeowners who are primarily benefited.
You note that s. 125.01(1)(q), F.S., authorizes counties to establish municipal service taxing units (MSTUs) to provide essential facilities and municipal services. You ask whether the city under its home rule power may establish taxing units similar to those authorized under s. 125.01(1)(q), F.S., or, alternatively, utilize the county's authority for the creation of such taxing units.
The MSTUs created pursuant to s. 125.01(1)(q), F.S., must include part or all of the incorporated area and may also include, with the consent of the governing body of an affected municipality, part or all of the municipality. Such taxing units are not special districts.[1] In authorizing the creation of such taxing units, s. 125.01(1)(q), F.S., implements the provisions of s. 9(b), Art. VII, State Const., which provides that "[a] county furnishing municipal services may, to the extent authorized by law, levy additional taxes within the limits fixed for municipal purposes." As The Supreme Court of Florida stated in Gallant v. Stephens,[2] in upholding the constitutionality of s. 125.01(1)(q) and (r), F.S.:
 [T]he last sentence of Section 9(b) provides express authority for Sections 125.01(1)(q) and (1)(r), sanctioning taxing units as a method by which counties may tax to provide municipal services, within the 10 mill limit for "municipal purposes", without voter approval.
I am not aware of any similar provision to s. 125.01(1)(q), F.S., authorizing a municipality to create MSTUs with taxing authority.[3]
While you refer to the home rule powers granted municipalities pursuant to s. 2, Art. VIII, State Const., as implemented by Ch.166, F.S., this office has stated that the taxing power of municipalities is not derived from s. 2, Art. VIII, State Const. Rather the origin of such power and the limitations on its exercise are found in ss. 1(a) and 9, Art. VII, State Const.[4]
Thus, municipalities have no home rule powers to levy taxes. Section 1, Art. VII, State Const., implicitly limits the exercise of the taxing power and expenditure of revenues derived therefrom to public purposes.[5] Moreover, as this office previously advised the City of Belle Isle,[6] s. 10, Art. VII, State Const., prohibits municipalities or their agencies from using their taxing power or credit to aid any private interest or individual. The purpose of this constitutional prohibition is "to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefited."[7]
Thus, it is only when there is some clearly identified and concrete public purpose as the primary objective that a municipality may exercise its taxing power. If the benefits to a private party are the paramount purpose of a project, then the expenditure of public funds is not valid even though the public derives some benefit.[8]
You state that the tax would be imposed only on those property owners who would primarily benefit from expenditures. The fact that the tax is limited to a specified group of persons does not mean that it is not an exercise of the city's taxing power.[9]
The primary beneficiary of the city's exercise of its taxing powers would appear to be the private property owners in the subdivision, not the public at large.[10]
Accordingly, I am of the opinion that the City of Belle Isle does not have the authority to create municipal service taxing units within the city to cover the costs associated with the private common areas located within subdivisions of the city such as maintenance costs, liability insurance, and property taxes, even if the tax is imposed only upon those homeowners who are primarily benefited.
RAB/tjw
[1] See, AGO 79-111. Cf., Ch. 189, F.S., providing for the creation of special districts.
[2] 358 So.2d 536, 540 (Fla. 1978).
[3] Cf., Ch. 170, F.S., which provides a supplemental and alternative method of making local government improvements which may be funded by special assessments levied for the purposes enumerated in s. 170.01, F.S. See, AGO 92-22 stating that ss. 1 and 10, Art. VII, State Const., limits the exercise of a city's taxing power, including the imposition of special assessments under Ch. 170, F.S., to a public purpose.
[4] See, e.g., AGO's 82-9 and 80-87, and authorities cited therein.
[5] See, e.g., AGO's 92-22 and 71-28. Cf., Board of Commissioners v. Board of Pilot Commissioners, 42 So. 697
(Fla. 1906).
[6] See, Inf. Op. to The Honorable Charles R. Scott, dated February 20, 1992.
[7] Bannon v. Port of Palm Beach District, 246 So.2d 737,741 (Fla. 1971).
[8] O'Neill v. Burns, 198 So.2d 1 (Fla. 1967); Orange County Industrial Development Authority v. State, 427 So.2d 174,175 (Fla. 1983) (paramount purpose served must be a public one).
[9] Moreover, even under its home rule powers, a municipality is limited to the exercise of powers for municipal purposes. See, s. 166.021, F.S., stating that municipalities may exercise any power "for municipal purposes, except when expressly prohibited by law."
[10] See, AGO 85-90 in which this office concluded that a county was not authorized to levy special assessments on the taxable real property located in an unrecorded subdivision for the purpose of making improvements to the private roads since such improvements would benefit the private landowners and not the public at large.